Sabo v Candero (2019 NY Slip Op 07720)





Sabo v Candero


2019 NY Slip Op 07720


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Richter, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10206 652899/13

[*1] Abram Sabo, Plaintiff-Appellant,
v
Alberto Candero, et al., Defendants, Capital One Equipment Finance Corp., etc., et al., Defendants-Respondents.


Abram Sabo, appellant pro se.
Stein Adler Dabah Zelkowitz LLP, New York (Jonathan L. Adler of counsel), for respondents.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered November 15, 2018, which granted defendant Capital One Equipment Finance Corp.'s motion to dismiss the amended complaint, and denied plaintiff's motion to hold Capital One in contempt of court, unanimously affirmed, without costs.
The complaint fails to state a cause of action for fraudulent transfer, because no assets were conveyed to Capital One as part of the loan transactions in which Capital One participated; Capital One merely acquired a security interest in the medallions (see Stickler v Ryan, 270 App Div 962, 962 [3d Dept 1946], lv dismissed 296 NY 735 [1946]; Suk v Lee, 2009 NY Slip Op 31368[U], * 19 [Sup Ct, Nassau County 2009]).
The tortious interference claim was correctly dismissed because, according to the allegations in the complaint, which we accept as true, plaintiff was a judgment creditor seeking to seize a debtor's or transferee's assets for purposes of satisfying the judgment and had no business relations with any of the defendants (see Mehrhof v Monroe-Woodbury Cent. Sch. Dist., 168 AD3d 713, 714 [2d Dept 2019]). The complaint also fails to allege that Capital One used any "unlawful means" to secure the liens on the medallions (see Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 108 [1st Dept 2009], lv denied 15 NY3d 703 [2010]). It does not allege that Capital One engaged in fraud or negligence or any other tortious or criminal conduct. Nor does the complaint allege that Capital One secured the liens for the "sole purpose" of harming plaintiff (see id.). To the contrary, the complaint alleges that Capital One's purpose was to profit off of the medallions.
The complaint fails to state a cause of action for common-law negligence, because it alleges no facts that could give rise to a duty of care on the part of Capital One towards plaintiff (see Lauer v City of New York, 95 NY2d 95, 100 [2000]; Verizon N.Y., Inc. v Optical Communications Group, Inc., 91 AD3d 176, 182 [1st Dept 2011]). In the absence of a viable tort claim, there can be no conspiracy claim (Thome, 70 AD3d at 110).
Capital One's participation in the loan transactions did not violate either of the two temporary restraining orders of which plaintiff seeks to hold Capital One in contempt.
In the absence of a substantive cause of action, there can be no claim for punitive damages (see Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 616-617 [1994]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK